**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| Barbara & Leo Forester, | Civil Action No.: _____ |
| Plaintiffs, | |
| v. | |
| Select Financial Services, Inc.; and DOES 1-10, inclusive, | **COMPLAINT** |
| Defendants. | |

For this Complaint, the Plaintiffs, Barbara & Leo Forester, by undersigned counsel, state as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), and the invasions of Plaintiffs' personal privacy by the Defendants and its agents in their illegal efforts to collect a consumer debt.

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. The Plaintiffs, Barbara & Leo Forester ("Plaintiffs"), are adult individuals residing in Wilmington, Massachusetts, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5. Defendant Select Financial Services, Inc. ("SFS"), is a Pennsylvania business entity with an address of 100 Old York Road, Suite 2-260, Jenkintown PA 19046, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6. Does 1-10 (the "Collectors") are individual collectors employed by SFS and whose identities are currently unknown to the Plaintiffs. One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7. SFS at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

**A. The Debt**

8. Leo Forester incurred a financial obligation (the "Debt") to Applied Card Systems (the "Creditor").

9. The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10. The Debt was purchased, assigned or transferred to SFS for collection, or SFS was employed by the Creditor to collect the Debt.

11. The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

B. **SFS Engages in Harassment and Abusive Tactics**

12. In February, 2012, SFS began placing calls up to five (5) calls a day to Plaintiffs residential phone line (978-658-5507) in an attempt to collect the Debt.

13. On February 3, 2012, Mrs. Forester informed Tony Clark, a manager of SFS, that Plaintiffs had not received any written correspondence stating the amount of the Debt, the name of the original creditor and that SFS is a debt collector.

14. Mr. Clark stated that such correspondence would be sent to Plaintiffs.

15. On February 7, 2012, Mrs. Forester received a phone call from a "Robert Russo", a representative of SFS, who demanded that Plaintiffs pay the Debt.

16. Mrs. Forester mentioned that she did not know who SFS or the Creditor were and asked Mr. Russo to send her a letter stating the name of the Creditor and the amount of the Debt.

17. Mr. Russo stated that SFS had sent numerous letters to Plaintiffs and added "We are not sending you any more letters. I told you who we are."

18. When Mrs. Forested said she had not received any letters from SFS, Mr. Russo called her a "liar".

19. Mrs. Forester stated that she did not wish to be treated in a rude manner and asked that SFS do not contact her again.

20. Mrs. Forester added that until she received a letter from SFS she would not make any payments.

21. Mr. Russo threatened to communicate to the Creditor that Plaintiffs refused to pay the Debt. Mr. Russo continued "Would you rather have someone knocking on your door?"

### C. Plaintiffs Suffered Actual Damages

22. The Plaintiffs have suffered and continue to suffer actual damages as a result of the Defendants' unlawful conduct.

23. As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiffs suffered and continue to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

### COUNT I
### VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

24. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

26. The Defendants' conduct violated 15 U.S.C. § 1692d(2) in that Defendants used profane and abusive language when speaking with the consumer.

27. The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiffs in telephone conversations, with the intent to annoy and harass.

28. The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

29. The Plaintiffs are entitled to damages as a result of Defendants' violations.

**COUNT II**
**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

30. The Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

31. The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

32. Massachusetts further recognizes the Plaintiffs' right to be free from invasions of privacy, thus Defendant violated Massachusetts state law.

33. The Defendant intentionally intruded upon Plaintiffs' right to privacy by continually harassing the Plaintiffs with numerous calls.

34. The telephone calls made by Defendant to the Plaintiffs were so persistent and repeated with such frequency as to be considered, "hounding the Plaintiffs," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

35. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

36. As a result of the intrusions and invasions, the Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

37. All acts of Defendant and its agents were committed with malice, intent, wantonness, and recklessness, and as such, Defendant is subject to punitive damages.

Case 1:12-cv-10489-RWZ   Document 1   Filed 03/16/12   Page 6 of 6

## **PRAYER FOR RELIEF**

**WHEREFORE**, the Plaintiffs pray that judgment be entered against Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against Defendants;

4. Actual damages from Defendants for the all damages including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations and intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiffs;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

## **TRIAL BY JURY DEMANDED ON ALL COUNTS**

Dated: March 16, 2012

                                    Respectfully submitted,

                                    By  /s/ Sergei Lemberg

                                    Sergei Lemberg (BBO# 650671)
                                    LEMBERG & ASSOCIATES L.L.C.
                                    1100 Summer Street, 3rd Floor
                                    Stamford, CT 06905
                                    Telephone: (203) 653-2250
                                    Facsimile:  (203) 653-3424
                                    Attorneys for Plaintiffs